WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Isidro Pacheco,<br><br>                     Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>                     Respondents. | No. CV-15-02264-PHX-DGC<br><br>**ORDER** |

       On November 9, 2015, Petitioner Isidro Pacheco filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C § 2254.  Doc. 1.  The Court referred the petition to Magistrate Judge James F. Metcalf.  Doc. 2.  On September 23, 2016, Judge Metcalf issued a report and recommendation ("R&R") that the Court dismiss the petition as to grounds 1, 2, and 3, and conditionally grant the petition as to ground 4.  Doc. 19.  Respondents filed objections to the R&R (Doc. 22), and Petitioner filed a response (Doc. 25).  Petitioner did not file his own objections.  For the reasons set forth below, the Court will overrule Respondents' objections and adopt Judge Metcalf's recommendation.

**I.     Background.**

       Petitioner was charged with child molestation and sexual conduct with a minor in two separate instances.  Doc. 19 at 2.  While living with his employer and his employer's family, Petitioner fondled and digitally penetrated the vagina of his employer's six-year-old stepdaughter.  *Id.* at 1-2.  The victim related the events to her seven-year-old cousin.  *Id.* at 2.  Her brother overheard, and one year later related the disclosure to his parents,

who contacted the police. *Id.* When the police located Petitioner, he originally denied any misconduct, but eventually admitted fondling the victim on one occasion while they were watching movies on a couch. *Id.*

### A.   Arizona Court Proceedings.

Petitioner was indicted on both charges in Pinal County Superior Court on August 28, 2013 and appointed counsel from the Pinal County Public Defender's Office. *Id.* Petitioner eventually entered into a written plea agreement wherein he agreed to amended charges of child molestation and two counts of attempted sexual conduct with a minor. *Id.* The agreement provided for a stipulated sentence of no more than the presumptive 17 years on the child molestation charge and lifetime probation on the remaining counts. *Id.* Petitioner appeared on July 1, 2014 with counsel Paula Cook and entered guilty pleas to the amended charges. *Id.* The trial court found the pleas knowing and voluntary, and accepted them. *Id.* A sentencing hearing was held on August 5, 2014. Because Ms. Cook had an emergency, Petitioner appeared with counsel David Wilkinson. *Id.* at 3. He requested a continuance, which was opposed by the State and victim's mother and denied by the court. Counsel argued for the minimum 10 year sentence, while the prosecution sought the agreed upon 17 years. *Id.* Petitioner was ultimately sentenced to 17 years. *Id.* At the sentencing hearing, Petitioner informed the court that he "was forced to sign the plea and if [he] didn't do it, [he] would be forced to go to trial. That's what [he] was told." *Id.* Because Petitioner entered a plea, he had no right to file a direct appeal under Arizona law. *Id.* at 4.

On October 20, 2014, Petitioner filed a timely Notice of Post-Conviction Relief pursuant to Rule 32 of the Arizona Rules of Criminal Procedure. Counsel was appointed and eventually filed a Notice of No Colorable Claim evidencing his inability to find an issue for review and requesting leave for Petitioner to file a *pro se* petition. The sole request in the notice was that Petitioner be allowed to file a *pro se* petition for post-conviction relief.

On February 27, 2015, Petitioner filed his *pro se* Petition for Post-Conviction

Relief. Petitioner argued that his plea was involuntary because trial counsel was ineffective by failing to do a pre-trial investigation or otherwise prepare a defense. Petitioner also argued that the trial court committed a sentencing error. The trial court summarily denied the petition, finding that "all matters contained in the [Petition] are precluded as having been previously ruled upon or untimely filed or the Petition lacks sufficient basis in law and fact to warrant further proceedings herein[.]" *Id.* at 4.

Petitioner then filed a Petition for Review before the Arizona Court of Appeals, contending that the trial court committed several errors, including issuing a "format letter" denial, finding that he had failed to assert colorable claims, and, because his of-right post-conviction relief ("PCR") proceeding was the equivalent of a direct appeal, failing to review the record for "fundamental error" under *Anders v. California*, 386 U.S. 738 (1967). *Id.* at 4-5. The Arizona Court of Appeals granted review but denied relief, rejecting all of Petitioner's arguments. *Id.* at 5. As to the *Anders* claim, the court found that it was not required, on review of the PCR proceeding, to conduct a review of the record for "fundamental error." *Id.*

### B.     The Petition and the R&R.

On November 9, 2015, Petitioner filed this writ of habeas corpus, seeking relief on four grounds. The first three allege ineffective assistance of counsel. Doc. 19 at 6. Judge Metcalf has recommended that relief based on these three grounds be denied. *Id.* at 68. The fourth ground alleges that Petitioner was entitled under *Anders* to a review of the record for "fundamental error" by the trial court because his PCR proceeding was the equivalent of a direct appeal. *Id.* at 6. Judge Metcalf recommended conditional relief on this ground, finding that "Petitioner's rights under *Anders* were violated by the failure of the trial court to independently review the record for non-frivolous issues for review." *Id.* at 64.[1]

---

[1] Judge Metcalf recommended the following relief: "issuance of the writ directing the release of Petitioner, unless Petitioner is granted a new of-right Rule 32 PCR proceeding, including the filing of either a merits brief by counsel or a substantive brief consistent with *Anders*, and in the event of the latter, an independent review of the record for non-

### C. *Anders* Review.

An attorney appointed to represent an indigent defendant on appeal may request that the appellate court allow him to withdraw if he finds that any appeal would be frivolous. *Smith v. Robbins*, 528 U.S. 259, 264 (2000). In *Anders*, the Supreme Court held that, "in order to protect indigent defendants' constitutional right to appellate counsel, courts must safeguard against the risk of granting such requests in cases where the appeal is not actually frivolous." *Id.* (citing *Anders*, 386 U.S. at 740). As a result, "counsel could not withdraw by simply advising the court of his or her conclusion, but must include with the request to withdraw 'a brief referring to anything in the record that might arguably support the appeal.'" *McCoy v. Court of Appeals of Wisconsin, Dist. 1*, 486 U.S. 429, 430 (1988).

> Once the appellate court receives this brief, it must then itself conduct a full examination of all the proceeding[s] to decide whether the case is wholly frivolous. Only after this separate inquiry, and only after the appellate court finds no nonfrivolous issue for appeal, may the court proceed to consider the appeal on the merits without the assistance of counsel.

*Penson v. Ohio*, 488 U.S. 75, 80 (1988) (quotation marks and citation omitted).

"The *Anders* requirement assures that indigent defendants have the benefit of what wealthy defendants are able to acquire by purchase – a diligent and thorough review of the record and an identification of any arguable issues revealed by that review." *McCoy*, 486 U.S. at 439. In *Smith*, the Court made clear that "the *Anders* procedure is not an independent constitutional command, but rather a prophylactic framework; it [is not] the only framework that could adequately vindicate the right to appellate counsel announced in *Douglas*." *Smith*, 528 U.S. at 260. Accordingly, the Court found that states could develop and adopt their own procedures as long as these procedures adequately protected a defendant's constitutional rights. *Id.* at 279. The Court identified several factors to consider when determining the adequacy of state procedures. *Id.*

---

frivolous error by the trial court." Doc. 19 at 66.

## II. Legal Standard.

A party may file specific, written objections to an R&R within 14 days of being served with a copy of it. Rules Governing Section 2254 Cases 8(b) ("Section 2254 Rules"); *see also* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). The Court must undertake a *de novo* review of those portions of the R&R to which specific objections are made. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Section 2254 Rules 8(b); *see also* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C).

## III. Analysis.

Respondents object to the recommendation only as it relates to ground 4. Doc. 22. According to Respondents, Judge Metcalf erred by failing to find that an *Anders* claim was procedurally barred by Petitioner's failure to raise it before the superior court. *Id.* at 2. Additionally, Respondents contend that Judge Metcalf incorrectly found that Petitioner's Rule 32 of-right PCR proceedings violated *Anders*. *Id.* at 9. No objection was filed by Petitioner, relieving the Court of its obligation to review the recommendation on grounds 1 through 3. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Thomas*, 474 U.S. at 149.

### A. Procedural Default Doctrine.

According to the procedural default doctrine, "a state prisoner's habeas claims may not be entertained by a federal court when (1) a state court has declined to address those claims because the prisoner had failed to meet a state procedural requirement, and (2) the state judgment rests on independent and adequate state procedural grounds." *Maples v. Thomas*, 132 S. Ct. 912, 922 (2012) (quotations marks and brackets omitted). A default may also occur if a petitioner does not raise his claim during the course of his state judicial proceedings, or fails to raise that claim to the state's highest court. *Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *see also Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013); *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999) ("procedural

default can arise in two ways. First, where the state court correctly applies a procedural default principle of state law to arrive at the conclusion that the petitioner's federal claims are barred. . . . Second, if the petitioner simply never raised a claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred due to a state-law procedural default."). The Supreme Court has made clear:

> In all cases in which a state prisoner has defaulted his federal claims pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson,* 501 U.S. 722, 750 (1991). Judge Metcalf found that Petitioner's *Anders* claim was fairly presented to the state courts, and that the Arizona Court of Appeals decided that claim on the merits. Doc. 19 at 35, 40. Respondents do not argue that the highest state court to review Petitioner's *Anders* claim denied that claim based on independent and adequate state grounds, but rather that the claim was never fairly presented in state court. Doc. 22 at 2.

In order to fairly present a claim to the state court, a petitioner must provide the factual and legal basis of the claim. *Scott v. Schriro*, 567 F.3d 573, 583 (9th Cir. 2009). He must also "make the federal basis of the claim explicit either by specifying particular provisions of the federal Constitution or statutes, or by citing to federal case law." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005). In his petition for review to the Arizona Court of Appeals, Petitioner asserted:

> This case involves a pleading defendant on collateral review and he should be given the same constitutional protections as non-pleading defendant on direct review. When appointed counsel cannot find any meritorious issues to raise on direct appeal, counsel must file an <u>Anders</u> brief and ask the court to search the record for fundamental error. The court must then search the record for fundamental error and specifically address any issues that the defendant raises in pro se. Defendant contends that he is entitled to the same protections as a non-pleading defendant because his post-conviction

>proceedings are equivalent to a direct appeal. State v. Pruett, 185 Ariz. 128 (Ariz. App. 1996).
>
>Instead the trial court issued an order in the form of a format letter and never specifically addressed any of Defendant's claims, which were not "precluded" as the order suggests; therefore, defendant was not afforded a proper appeal under the Fourteenth Amendment.
>
>Defendant submits that this case serves the perfect opportunity to address . . . whether a pleading defendant is entitled to the same protections as non-pleadings defendants under Anders and Leon.

Doc. 12-1 at 109-11.

This petition identifies the constitutional amendment and Supreme Court case from which his *Anders* claim derives, describes the specific legal protections owed to him under the constitutional amendment, and provides facts to show that he was deprived of those protections. What is more, Respondents do not appear to argue that the petition did not provide a factual and legal basis sufficient to fairly present Petitioner's *Anders* claim to the Arizona Court of Appeals. *See Schriro*, 567 F.3d at 583. Rather, they focus on Petitioner's failure to raise the claim during his Rule 32 of-right PCR proceeding, arguing that this failure resulted in an "incomplete presentment" of his claim and that it is now "too late to invoke a *complete* round of review." Doc. 22 at 3 (emphasis in original).[2] As a result, they argue, Petitioner's *Anders* claim has been procedurally defaulted. The Court is not persuaded for several reasons.

---

[2] Additionally, Respondents argue that "if a petitioner fails to present a claim in his of-right PCR petition but later presents it to the court of appeals, he has failed to present the claim in a procedurally appropriate fashion and thus fails to satisfy the requirement of exhaustion." Doc. 22 at 3. This argument, however, confuses "two analytically distinct judge-made rules: (1) the timing rule . . . codified at 28 U.S.C. § 2254(b)(1) . . . that requires a state prisoner to exhaust his state remedies before seeking a federal writ of habeas corpus; and (2) the waiver, or so-called procedural default, rule . . . that forecloses relief even when the petitioner has exhausted his remedies." *O'Sullivan v. Boerckel*, 526 U.S. 838, 850 (1999) (Stevens, J., dissenting). As the Supreme Court has made clear, "[t]he question of exhaustion refers only to remedies still available at the time of the federal petition." *Id.* (quotation marks omitted). Because neither Judge Metcalf nor Respondents contend that there are any available avenues for relief regarding Petitioner's *Anders* claim at the state level, and the Court finds none, that claim is exhausted. *See* Doc. 22 at 2; Ariz. R. Crim. P. 32.2(a).

- 7 -

First, Respondents cite *Boerckel* in arguing that a claim may be procedurally barred if a petitioner does not raise that claim in "one complete round of the State's established appellate review process." Doc. 22 at 2 (quoting *Boerckel*, 526 U.S. at 845). In *Boerckel*, however, the Supreme Court addressed a situation in which a petitioner did not seek review of his constitutional claims in his petition for review before the Illinois Supreme Court. *Id.* at 848. Specifically, the Court held that "a prisoner who fails to present his claims in a petition for discretionary review to a state court of last resort has [not] *properly* presented his claims to the state courts" and has thus procedurally defaulted those claims. *Id.* (emphasis in original). That holding does not govern here. Respondents do not argue that Petitioner failed to raise his *Anders* claim before the court of last resort, but that he did not raise the claim before the superior court at his Rule 32 of-right proceeding – the alleged first opportunity to raise his claim. As discussed above, Petitioner fairly presented his *Anders* claim to the Arizona Court of Appeals, the last court in which he was required to pursue his claim.[3] The Ninth Circuit has made clear that where a petitioner "did in fact bring his claim to the attention of the highest state court, our decision hinges on what happened to his writ before that court." *Chambers v. McDaniel*, 549 F.3d 1191, 1196 (9th Cir. 2008) (brackets and quotation marks omitted). As a result, the Court must focus on what happened to Petitioner's *Anders* claim in the Arizona Court of Appeals.

Respondents next argue that "[a] petition does not fairly present a claim 'where that claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons

---

[3] In *Boerckel*, the Supreme Court qualified its holding by noting that "state supreme courts with discretionary dockets may avoid a deluge of undesirable claims by making a plain statement – as Arizona and South Carolina have done – that they do not wish the opportunity to review such claims before they pass into the federal system." 526 U.S. at 861. (internal citation omitted). The Ninth Circuit has confirmed that "Arizona state prisoners need not appeal an Arizona Court of Appeals' denial of post-conviction relief to the Arizona Supreme Court in order to exhaust their state remedies for federal habeas corpus purposes." *Swoopes v. Sublett*, 196 F.3d 1008, 1008 (9th Cir. 1999); *see also Date v. Schriro*, 619 F. Supp. 2d 736, 764 (D. Ariz. 2008).

therefore.'" Doc. 22 at 2 (quoting *Castille v. Peoples*, 489 U.S. 346, 351 (1989)); *see also Casey v. Moore*, 386 F.3d 896, 919 (9th Cir. 2004) ("a petitioner does not fairly raise an issue if she or he seeks review of the federal claim for the first time on discretionary appeal."). In relying on these cases, Respondents ignore a critical factor influencing the courts' decisions. In *Castille*, the Supreme Court found that a claim was not fairly presented where "it was raised for the first time on discretionary review to the state's highest court and *denied without comment*." *Casey*, 386 F.3d at 916 (emphasis added). Similarly, the Ninth Circuit in *Casey* faced a situation in which a petitioner's claim was first raised to the Washington Supreme Court, where that court again "denied the petition *without comment*." 386 F.3d at 904 (emphasis added).

These rulings are consistent with the Ninth Circuit's finding that when a claim is presented to the court of last resort, whether or not a procedural default has occurred is determined by looking to the behavior of the highest court. *Chambers*, 549 F.3d at 1196; *Greene v. Lambert*, 288 F.3d 1081, 1086 (9th Cir. 2002); *Hunter v. Aispuro*, 982 F.2d 344, 346 (9th Cir. 1992). Where a court denies a petition without comment, there is no basis on which to think that the underlying claims were actually considered on the merits or that the court relied on federal substantive law in denying them. *Hunter*, 982 F.2d at 346. It would seem likely that the court was denying the petition for review without reaching the claims themselves. In such a situation, the claims were never fairly presented to the state court for consideration, and the federal court may not consider them on habeas review. If, on the other hand, a court clearly "declined to apply the procedural bar that was available to it and adjudicated the claim on the merits, then the claim may proceed" in federal court. *Greene*, 288 F.3d at 1086.[4]

The factual situation presented here is unique because, while Petitioner clearly

---

[4] *See also* Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure, § 26.2e (5th ed. 2005) ("Even if a petitioner committed a procedural default that could have supplied an 'adequate' and independent' state ground for denying relief, the procedural default doctrine does not apply if 'the last state court rendering a judgment in the case' reached the merits of the claim.").

- 9 -

presented an *Anders* claim to the Arizona Court of Appeals, that court misconstrued the claim and addressed a different legal issue on the merits. Petitioner was arguing that the *trial court* should have conducted an *Anders* review, but the Court of Appeals addressed whether *it* was required to conduct such a review. *See State v. Pacheco*, No. 2 CA-CR 2015-0240-PR, 2015 WL 5945442, at *1 (Ariz. Ct. App. Oct. 13, 2015) ("Pacheco argues that, as a pleading defendant filing an of-right Rule 32 petition, he is entitled to fundamental error review. However, Pacheco is not entitled to fundamental error review by this court."). It is not clear whether the Arizona Court of Appeals would have considered the *Anders* claim on the merits had it properly interpreted that claim. Importantly, however, nothing in the decision of the Court of Appeals suggests that it relied on an adequate and independent state procedural rule to dispose of Petitioner's claims. The decision did address Petitioner's misinterpreted *Anders* claim, as well as his other claims, on the merits.

To determine the proper outcome when the decision of the state court offers no guidance as to whether a procedural bar should apply, the Court will review the policy considerations behind the exhaustion and procedural default doctrines. These doctrines are based on concerns of comity, which require that "when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." *Boerckel*, 526 U.S. at 844 (1999); *Coleman*, 501 U.S. at 730 ("the application of the independent and adequate state ground doctrine is grounded in concerns of comity and federalism."). As the Supreme Court has emphasized:

> [A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance. . . . In the absence of the independent and adequate state ground doctrine in federal habeas, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court. The independent and adequate state ground doctrine ensures that the States'

- 10 -

>interest in correcting their own mistakes is respected in all federal habeas cases.

*Id.* at 732. Thus, the state courts should be given an opportunity to either consider a claim on the merits or dispose of it under adequate state procedural grounds. Whichever avenue the state courts choose, the federal court will respect that decision and follow the lead of the state court. Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure, § 26.2e (5th ed. 2005). ("If the last state court in a given case did not see fit to rely on any procedural ground in rejecting a claim and instead decided the claim on its merits, the federal courts may do likewise, for in such cases there is no federalism basis for deferring to any adequate and independent state procedural ground of decision, and the state cannot claim that the defendant's default deprived the state courts of a fair opportunity to dispose of the claim.").[5]

In this case, the Arizona Court of Appeals has had an opportunity to either rule on the merits of Petitioner's *Anders* claim or dispose of it on state procedural grounds. Although the court did not correctly interpret and consider the alleged *Anders* violation, it at least demonstrated a willingness to review Petitioner's claims on the merits. Policy considerations of comity and federalism do not suggest that the Court should dismiss Petitioner's claim as procedurally barred where the state courts have given no indication of an intent to do so, despite having the opportunity.

Additionally, the Court is not convinced that an adequate and independent state procedural bar would apply in this case. The Ninth Circuit has found that "Arizona's waiver rules are independent and adequate bases for denying relief." *Hurles v. Ryan*, 752 F.3d 768, 780 (9th Cir. 2014). According to Arizona Rules of Criminal Procedure, an individual is precluded from bringing a PCR proceeding under Rule 32 based on any ground that he has waived at trial, appeal or in a previous collateral proceeding. Ariz. R.

---

[5] *Wells v. Maass*, 28 F.3d 1005, 1008 (9th Cir. 1994) ("the procedural default doctrine is a specific application of the general adequate and independent state grounds doctrine.").

- 11 -

1  Crim. P. 32.2.  Because Petitioner did not raise his *Anders* claim at his Rule 32 of-right
2  PCR proceeding in the trial court, Respondents argue that he is barred from bringing that
3  claim in any other PCR proceeding.  Respondents emphasize that Petitioner had multiple
4  opportunities to raise this issue in the trial court by "(1) filing a motion for
5  reconsideration of the court's acceptance of the notice of no colorable claim, (2) filing a
6  motion for appointment of counsel following his attorney's withdrawal, or (3) stating in
7  his PCR petition that because counsel withdrew, the trial court had an obligation to
8  search the record for non-frivolous claims."  Doc. 22 at 5.

9  But Respondents do not identify a point at which Petitioner should have been on
10 notice that his constitutional rights were being violated in the superior court.   There is no
11 indication in the record of when the superior court accepted the motion to withdraw made
12 by petitioner's counsel, triggering his *Anders* rights.  Counsel filed a no-colorable-claim
13 notice on January 15, Petitioner filed a *pro se* PCR petition on February 27, and the
14 superior court denied his petition on May 22, 2015.  It is not clear when the trial court
15 permitted counsel to withdraw and Petitioner's *Anders* claim became cognizable.

16 Respondents do not dispute that Petitioner's Rule 32 proceeding was the
17 functional equivalent of a direct appeal (which was not available because Petitioner had
18 pled guilty), nor do they dispute that Petitioner had a constitutional right to counsel in
19 that Rule 32 proceeding.  As stated above, *Anders* is a rule designed to protect the right to
20 counsel.  *Smith*, 528 U.S. at 260.  It ensures that extra precautions are taken when an
21 appointed attorney withdraws without raising any issues for review.  In this case, the
22 superior court allowed appointed counsel to withdraw without ever specifically saying so,
23 and without advising Petitioner of that fact.  Thus, it appears that Petitioner never had an
24 opportunity to raise the *Anders* issue with the trial court – to advise the court that it
25 should not be permitting counsel to withdraw without invoking the *Anders* protections or
26 comparable safeguards.  Thus, the Court agrees with Judge Metcalf and is not convinced
27 that Petitioner's *Anders* claim became cognizable before the superior court made its
28 ultimate ruling.  The Court therefore cannot conclude that Petitioner forfeited his *Anders*

claim by failing to raise it in the superior court.

Both Arizona and federal law hold that an individual does not waive or forfeit a right if he has no opportunity to raise it. *See State v. Vermuele*, 249 P.3d 1099, 1102 (Ariz. Ct. App. 2011) (recognizing that the defendant "had no clear procedural opportunity to challenge the rendition of sentence before it became final. Because a defendant cannot forfeit an opportunity that the defendant does not have, her failure to challenge the sentence at the sentencing hearing cannot be fairly characterized as a forfeiture or waiver."); *Barrett v. Acevedo*, 143 F.3d 449, 462 (8th Cir. 1998) (reversed on other grounds) ("Barrett, by raising the constitutional violation in his petition for rehearing to the Supreme Court of Iowa, fairly presented his claim. Obviously this was his first opportunity to raise the issue in state court because the alleged constitutional error did not occur until the Supreme Court of Iowa ruled."). If Petitioner's *Anders* claim was cognizable only upon the final ruling of the superior court, he had no opportunity to raise it before that court. Accordingly, the Court does not find any adequate state ground on which to conclude that Petitioner waived his rights under *Anders* by failing to raise the violation of those rights before the superior court, and the Court, like Judge Metcalf, will address the claim.

**B.     The Merits of Petitioner's Anders Claim.**

Respondents argue that *Anders* does not apply to Rule 32 of-right proceedings after considering "'the source of [the] right to a lawyer's legal assistance, *combined with the nature of the proceedings*.'" Doc. 22 at 10 (citing *Pennsylvania v. Finley*, 481 U.S. 551, 554 (1987)) (emphasis added by Respondents). According to Respondents, "'the nature of the proceedings' of an of-right PCR are sufficiently different from a direct appeal that *Anders* procedures should not apply." *Id.* at 11. Citing *Finley*, Respondents contend that "the *Anders* requirement is not universal and inviolate; instead, it applies when necessary within the constitutional and statutory text." Doc. 22 at 11.

*Anders* requirements stem from the constitutional rights to counsel and equal protection of the laws, under the Sixth Amendment and Fourteenth Amendment of the

- 13 -

Constitution, respectively. When an individual has a constitutional right to counsel, *Anders* guarantees that an individual who is appointed counsel enjoys that right equally with those who can afford private counsel. *Finley*, 481 U.S. at 554. *Finley* makes clear that *Anders* requirements extend to any case in which a constitutional right to counsel exists. *Id.* at 554. ("The holding in *Anders* was based on the underlying constitutional right to appointed counsel.") Where there is no "underlying constitutional right to appointed counsel in state postconviction proceedings, [an individual] has no constitutional right to insist on the *Anders* procedures which were designed solely to protect that underlying constitutional right." *Id.* at 557.

Respondents do not dispute that Arizona state courts and this Court have concluded that defendants have a federal constitutional right to counsel in a Rule 32 of-right proceeding. *See*, *e.g.*, *Ree v. Ryan*, CV-13-00746-TUC-RM(LAB), 2015 WL 3889360, at *1 (D. Ariz. June 23, 2015); *State v. Smith*, 910 P.2d 1, 3 (Ariz. 1996); *State v. Pruett*, 912 P.2d 1357, 1359-60 (Ariz. Ct. App. 1995) (citations omitted). What is more, Respondents concede that, at least in some circumstances, Arizona courts consider a Rule 32 of-right proceeding to be a form of "direct review." Doc. 22 at 11. Respondents nonetheless cite a number of practical and ethical considerations which, they argue, counsel against the application of *Anders* to Rule 32 of-right PCR proceedings and distinguish such proceedings from traditional direct appeal.

Although the *Anders* procedures, as noted above, are not themselves required by the Constitution, they are put in place to protect a right that is constitutionally protected – the right to counsel. *Smith*, 528 U.S. at 260. The *Anders* procedures are not mandatory; the Supreme Court has noted that states can develop their own procedures so long as they adequately protected a defendant's constitutional rights. *Id.* at 279. Given the importance of protecting the right to counsel, and the flexibility afforded states in doing so, the Court is not persuaded by Respondents' argument that *Anders*-type protections should not be afforded at all because they are impractical. If the Respondents feel that *Anders* protections are impractical given the nature of Rule 32 proceedings, they should

1 adopt alternative procedures that provide equivalent protection.  They should not simply
2 argue, as they do here, that no protections are required.

3 Respondents also cite to a decision of the Arizona Court of Appeals which held that "*Anders v. California* and *State v. Leon* were not intended to apply to rule 32 petitions for post-conviction relief with the exception of petitions filed in accordance with rule 32.1(f). . . .  The decision in *Anders* was bottomed on the proposition that a criminal defendant has a constitutional right to full appellate review; however, there is no constitutional right to post-conviction review."  *State v. McFord*, 609 P.2d 1077, 1080 (Ariz. Ct. App. 1980); *see also State v. Thompson*, 679 P.2d 575, 577 (Ariz. Ct. App. 1984).  But as Judge Metcalf noted, these cases were decided before the 1992 changes that eliminated direct appeals for defendants who plead guilty.  Doc. 19 at 49.  *McFord*, for example, did not deal with a Rule 32 of-right proceeding that was the functional equivalent of a direct appeal and in which the petitioner had a constitutional right to counsel, but instead concerned "petitioner's fourth and fifth petitions for post-conviction relief."  609 P.2d at 1078.  The cases cited by Respondents simply do not apply.

Even if practical considerations could somehow limit a state's obligation under *Anders* to protect an indigent defendant's right to counsel in direct review proceedings, the Court is not persuaded that Respondents have identified sufficiently weighty concerns.  Respondents point to:

(a) the limited record (because the premise is a guilty plea);

(b) the ability to introduce new evidence in a PCR proceeding, versus the "closed record" in a traditional direct appeal;

(c) the related need for PCR counsel to conduct investigations beyond the record and difficulty of the court evaluating those efforts;

(d) the waiver of claims associated with a guilty plea; and

(e) the potential ethical concerns (e.g. confidentiality) of PCR counsel advising the Court on ineffective assistance claims.

- 15 -

Doc. 19 at 51; Doc. 22 at 11-16. Judge Metcalf dealt with each of these objections and found them without merit. Doc. 22 at 11-16. The Court agrees.

First, the fact that the record may be limited does not suggest that *Anders* should not apply. No precedent cited by the parties or found by this Court exempts pleading defendants from *Anders* review. As Judge Metcalf observed, "[t]he smaller record makes the burden of *Anders* lighter, and the absence of a trial arguably heightens the need for competent review given the potential that a defendant has been convicted as a result of bad representation rather than on the basis of actual evidence." Doc. 19 at 52. Additionally, while a guilty plea does waive many claims, it does not waive all, and a defendant's right to allege that his plea was involuntary due to ineffective assistance of counsel survives any guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985).

Respondents argue that because new evidence may be introduced in PCR proceedings and PCR counsel may be required to conduct investigations beyond the record, such proceedings should be excused from *Anders* review. Again, Respondents cite no precedent to support their position. While it may be difficult for a court to determine whether counsel's efforts to investigate were adequate, this difficulty does not make *Anders* protections irrelevant. The fact that a given protection may not be infallible is no reason to abandon it. If counsel need not inform the court of the substance and results of her investigation, the Court will have no way of knowing whether any investigation has taken place. Furthermore, the fact that additional evidence may be introduced in a PCR proceeding does not appear to create any difficulties in an *Anders* review. The Court may still consider the record and evidence before it, as well as any *Anders* brief submitted by counsel.

Finally, Respondents argue that "[r]equiring defense counsel to advise the court of matters outside the record . . . would endanger the defendant's rights." Doc. 22 at 12. According to Respondents, "[t]his is especially problematic in the [ineffective assistance of counsel] context, because counsel's independent investigation of the claim must necessarily include speaking with his client and then divulging those discussion in the

- 16 -

*Anders* brief." *Id.* at 13. This, they contend, would force the counsel to divulge confidential information and brief his case against his client, in violation of his duties of confidentiality and loyalty. *Id.* Respondents argue that while "the reviewing court is always reliant, to some extent, on the attorney's work[,] . . . there is a considerable difference between expediting the court's work by pointing to facts in the existing record and supplementing the record with information that the court could not have otherwise learned absent the *Anders* brief." *Id.* at 16. The Court is not convinced that there is any greater risk of harm to the client when an *Anders* brief addresses information outside the record. Nothing in *Anders* would require the attorney to tell the court everything she knows, nor to divulge confidential information. The Supreme Court concluded that:

> If an attorney can advise the court of his or her conclusion that an appeal is frivolous without impairment of the client's fundamental rights, it must follow that no constitutional deprivation occurs when the attorney explains the basis for that conclusion. A supported conclusion that the appeal is frivolous does not implicate Sixth or Fourteenth Amendment concerns to any greater extent than does a bald conclusion.

*McCoy*, 486 U.S. at 443. The Court finds no reason to treat an attorney's explanatory brief concerning an ineffective assistance of counsel claim as an exception to the Supreme Court's conclusion. Additionally, the Court has found at least one example of an attorney addressing ineffective assistance of counsel allegations in an *Anders* brief. *See United States v. Shelton*, 650 F. App'x 610, 612 (10th Cir. 2016).

Respondents do not object to Judge Metcalf's ultimate conclusion, after finding that *Anders* protections apply to Rule 32 of-right proceedings, that the requirements of those protections were not satisfied in this case. Doc. 19 at 65. Respondents present no evidence suggesting that an *Anders* brief was filed by counsel or that the superior court engaged in an independent review of the record.

**IT IS ORDERED:**

1. Magistrate Judge James F. Metcalf's R&R (Doc. 19) is **accepted.**
2. The Petition for writ of habeas corpus (Doc. 1) is **conditionally granted.**

- 17 -

3. Petitioner is ordered released unless within 90 days of this order, Petitioner is permitted to file a new of-right Rule 32 PCR proceeding, including the filing of a brief by counsel and an independent review of the record by the trial court consistent with *Anders v. California*, 386 U.S. 738 (1967).

Dated this 22nd day of December, 2016.

_____
David G. Campbell
United States District Judge