1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Isidro Pacheco, | No. CV-15-02264-PHX-DGC |
|---|---|
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

On June 21, 2018 Petitioner Isidrio Pacheco filed a motion for issuance of writ due to non-compliance with this Court's December 22, 2016 order conditionally granting Petitioner's writ of habeas corpus. Doc. 32. The state has filed a response, asserting full compliance with the Court's order. Doc. 33. Petitioner has filed a reply. Doc. 34. For the reasons set forth below, the Court will deny Petitioner's motion.

**I.  Background.**

In 2013, Petitioner was charged with child molestation and sexual conduct with a minor. Doc. 19 at 2. He accepted a plea deal and the superior court sentenced him to 17 years. *Id.* at 3. Because Petitioner entered a plea, he had no right to file a direct appeal under Arizona law. *Id.* at 4 (citing A.R.S. § 13-4033(B); Ariz. R. Crim. P. 17.1(e)).

Petitioner filed a timely notice of post-conviction relief pursuant to Rule 32 of the Arizona Rules of Criminal Procedure. Doc. 12-1 at 57; *see also* Ariz. R. Crim. P. 32.4(a)(1). Petitioner's appointed counsel filed a notice of no colorable claim, stating

that she found no meritorious issue for review. Doc. 12-1 at 61. The only request in the notice was that Petitioner be allowed to file a *pro se* petition for post-conviction relief. *Id.* Petitioner filed his *pro per* petition, asserting ineffective assistance of counsel and sentencing error. *Id.*

The trial court summarily denied the petition. Petitioner sought review before the Arizona Court of Appeals, contending that the trial court erred in issuing a "format letter" finding that he had failed to assert colorable claims. Petitioner also argued that his post-conviction relief ("PCR") proceeding was the equivalent of a direct appeal and that the trial court erred by failing to review the record for "fundamental error" as required by *Anders v. California*, 386 U.S. 738 (1967). *Id.* at 4-5. The Court of Appeals granted review but denied relief, rejecting all of Petitioner's arguments. *Id.* at 5.

### B. The First Petition for Habeas.

Petitioner filed a petition for writ of habeas corpus with this Court in November, 2015. He asserted four grounds. The first three, which the Court denied, alleged ineffective assistance of counsel. Doc. 19 at 6. The fourth ground alleged that Petitioner was entitled under *Anders* to a review of the record for "fundamental error" by the trial court because his PCR proceeding was the equivalent of a direct appeal. Doc. 19 at 6. The magistrate judge found "Petitioner's rights under *Anders* were violated. *Id.* at 66.

On December 22, 2016, this Court denied the state's objections and issued a conditional grant of a writ of habeas. Doc. 26. The order required that Petitioner be permitted to file a new of-right Rule 32 PCR proceeding, "including the filing of a brief by counsel and an independent review of the record by the trial court consistent with *Anders*[.]" Doc. 26.

### C. Second PCR

On January 3, 2017, Petitioner filed his second notice of post-conviction relief in the superior court and was appointed counsel. Doc. 32 at 7. Counsel filed a new of-right Rule 32 petition for post-conviction relief on January 29, 2018. *Id.* The petition alleged a significant change of law because Arizona's child molestation statute was found

unconstitutional in *May v. Ryan*, 245 F. Supp. 3d 1145, 1158 (D. Ariz. 2017). *Id*. The petition also alleged ineffective assistance of counsel because Petitioner's original trial counsel should have interviewed Petitioner's alibi witness, moved to suppress his confession, and presented mitigation evidence. *Id*. at 8-12. Further, the petition alleged that the trial court failed to inform Petitioner of the sentence enhancement under Arizona's Dangerous Crimes Against Children Act ("DCACA"), rendering his plea agreement invalid. Doc. 32 at 12-6. Finally, the petition alleged that the DCACA sentencing scheme is unconstitutional because it enhances a sentence based on facts found by a judge instead of facts found by a jury beyond a reasonable doubt. Doc. 32 at 16.

On June 11, 2018, the superior court denied the Rule 32 petition, finding that "all matters contained in the Petition for Post-Conviction Relief are precluded as having been previously ruled upon or untimely filed[,] or the Petition lacks sufficient basis in law and fact to warrant further proceedings herein and no useful purpose would be served by further proceedings." Doc. 32 at 50. Petitioner then filed the motion for issuance of the writ in this Court, arguing that the superior court's decision did not satisfy the Court's order for a new of-right PCR. Doc. 32. Petitioner argued that the superior court did not afford him a new Rule 32 proceeding because it found the issues raised to be precluded or untimely which meant that it "treated the appeal as a successive action limiting the scope of [appealable] issues." Doc. 32 at 2.

The state filed a request for clarification in the superior court (see Doc. 34 at 5-6), and that court issued supplemental findings of fact and conclusions of law on July 12, 2018. *See* Doc. 33-1 at 2. The order supplemented the court's June 11, 2018 order "after fully considering [Petitioner's petition] on its merits." Doc. 34 at 18. The court found that *May v. Ryan* did not constitute a significant change in the law because a district court decision is not the controlling authority for Arizona state courts. Doc. 33-1 at 4. The superior court noted that it was bound by Arizona Supreme Court precedent, which has found Arizona's child molestation laws to be consistent with due process and therefore


constitutional. *Id*. (citing *State v. Holle*, 379 P.3d 197 (Ariz. 2016)). The court found that Petitioner's counsel was not ineffective, finding Petitioner waived claims unrelated to the validity of his plea agreement, and that Petitioner failed to present evidence that proved counsel's failure would have affected his plea agreement.[1] *See* Doc. 33-1 at 6-7.

The court also found that Petitioner was not entitled to a jury trial for the sentencing enhancement because the right to a jury under *Apprendi v. New Jersey*, 530 U.S. 490 (2000), applies only if the penalty is increased beyond the prescribed statutory maximum. *See* Doc. 33-1 at 7. Further, the court found that Petitioner knew of the sentencing enhancement because he knew throughout the process that the state charged him with a dangerous crime against children. Doc. 33-1 at 8. The court determined that the sentencing under DCACA is not discretionary but mandatory based on the crimes charged, and disagreed that DCACA allows the judge to find a fact to increase the penalty. *Id.* at 7-8. The judge is not required to make a finding of fact as to a victim's age for DCACA because the victim's age is an element of the crime the state must prove. *Id*. Moreover, the judge is not required to make a finding of the perpetrator's intent to exploit a child as an element of a crime prosecuted under DCACA. *Id*.

After this clarification, Petitioner filed a reply in support of his motion in this Court. His reply argued that the superior court's supplemental order does not comply with the Court's conditional grant of habeas relief because it essentially copied verbatim the state's response to the PCR court. Doc. 34 at 2.

## II. Legal Standard.

Once a federal district court issues an order granting conditional habeas relief, the court retains authority to review compliance with that order. *Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011). Failure to comply requires a petitioner's release. *Harvest v. Castro*, 531 F.3d 737, 750 (9th Cir. 2008). When a petitioner alleges

---

[1] The court also addressed whether Petitioner demonstrated his claim that the victim was biased, but Petitioner did not assert a claim for victim bias. Doc. 33-1 at 5.

- 4 -

noncompliance with a conditional writ, "the district court must make a finding concerning the sufficiency of the action that the state took pursuant to its mandate." *Phifer v. Warden, U.S. Penitentiary, Terre Haute, Ind.* 53 F.3d 859, 865 (7th Cir. 1995). In making this determination, the district court may consider whether the state's actions ran afoul of the "letter or spirit" of the conditional writ. *Patterson v. Haskins*, 470 F.3d 645, 668 (6th Cir. 2006).

**III. Analysis.**

The Court's conditional grant of habeas relief required (1) a new of-right Rule 32 proceeding, (2) with briefing, and (3) a review of the record consistent with *Anders*. Doc. 26 at 18. The superior court clearly satisfied the first two requirements: Petitioner was permitted to file a new Rule 32 proceeding and to submit briefing. The question, then, is whether the superior court conducted a review of the record "consistent with *Anders*.: *Id.* If *Anders* did not require a review of the record, then the superior court satisfied this requirement as well.

A reviewing court must conduct an *Anders* review when an assigned attorney determines that there are no colorable claims to appeal. *Smith v. Robbins*, 528 U.S. 259, 264 (2000). Before an attorney may withdraw, he or she must submit a brief "referring to anything in the record that might arguably support the appeal.'" *McCoy v. Court of Appeals of Wisconsin, Dist. 1*, 486 U.S. 429, 430 (1988). The reviewing court must then conduct a full examination of all the proceedings to decide whether any claims are solely frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). If the appellate court finds an arguable issue, it will order appointed counsel to file a brief on the issue. *State v. Clark*, 2 P.3d 89, 96 (Ariz. Ct. App. 1999); *McCoy*, 486 U.S. at 431; *Anders*, 386 U.S. at 744; *State v. Thompson*, 270 P.3d 870, 873 (Ariz. Ct. App. 2012). The primary purpose of *Anders* review is to protect the underlying right to counsel. *Penson*, 488 U.S. 80.

A merits briefs filed by a petitioner's counsel serves different purposes than an *Anders* briefs. *McCoy*, 486 U.S. at 444. A merits brief raises issues presented in the record and urges the court to grant relief, while an *Anders* brief assures the court that the

attorney has fulfilled his or her duty. *Id.*; *Anders*, 386 U.S. at 742; *State v. Scott*, 930 P.2d 551, 555 (Ariz. Ct. App. 1996) ("In an *Anders* appeal, the role of the court is not to decide the merits of any issues presented, but to ensure that the defendant has received constitutionally adequate representation on appeal."); *see also Smith*, 528 U.S. at 268 (*Anders* sets forth the exclusive procedure in which an "appointed counsel's performance can pass constitutional muster."). Thus, when counsel files a brief on the merits, the appellate court no longer has a duty to search the record for appealable issues. *Anders* review is not required. *State v. Scott*, 930 P.2d at 555; *see also Clark*, 2 P.3d at 95 n.5.

Here, Petitioner's newly-appointed counsel filed a merits brief on the PCR petition, raising three specific grounds for review. *See* Doc. 32. The attorney did not seek to withdraw because there were no reviewable issues, but instead studied the record, identified issues for review, and sought to persuade the court that relief was warranted. This was not an *Anders* brief. As a result, Petitioner was not entitled to *Anders* review and the superior court did not err by failing to conduct such a review. Nor did the superior court violate this Court's order which required only that it "review the record consistent with *Anders*." Doc. 26 at 18.

Petitioner argues that the superior court did not properly afford him a new of-right proceeding because its June 11, 2018 order summarily dismissed his issues by finding them "precluded as having been previously ruled upon or untimely filed." Doc. 32 at 2, 50. But the superior court issued a supplemental order in support of its ruling, and "the federal court should review 'the last reasoned decision' by a state court." *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004). The supplemental order addressed each of Petitioner's arguments on the merits and affirmed the denial of post-conviction relief.

In his reply, Petitioner complains that the superior court issued its supplemental findings only at the request of the Pinal County Attorneys' Office and that the supplemental order "appears to be a plagiarized copy of the State's response to [Petitioner's] petition." Doc. 34 at 2. Petitioner cites no authority explaining why these characteristics make the superior court's order noncompliant with the Court's conditional

grant. If the superior court did adopt the arguments of the state, the "practice is generally disproved of," but a verbatim adoption of a party's proposed findings of fact and conclusions of law is not automatically objectionable if the findings are supported by the record. *See FTC v. Enforma Nat. Prods., Inc.,* 362 F.3d 1204, 1215 (9th Cir. 2004). A reviewing court must decide if the adopted conclusions are correct and fully supported by the evidence. *See United States v. El Paso Nat. Gas Co*., 376 U.S. 651, 656 (1964) (holding that, where a district judge adopted verbatim proposed findings of fact and conclusions of law submitted by prevailing party after trial, such findings should "not [be] rejected out-of-hand, and [should] stand if supported by [the] evidence"); *In re Dixie Broadcasting, Inc*., 871 F.2d 1023, 1030 (11th Cir. 1989) (holding that the practice of ghostwriting judicial opinions by a litigant is not per se invalid, and the resulting order will be vacated if the party can demonstrate fundamental unfairness); *State of Florida Board of Trustees of Internal Improvement Trust Fund v. Charley Toppino & Sons, Inc*., 514 F.2d 700, 703 (5th Cir. 1975) (practice of adopting party's proposed findings of fact and conclusions of law is subject to "clearly erroneous" standard of review).

The Court will not address the substantive accuracy of the supplemental order until Petitioner has exhausted state remedies. 28 U.S.C. § 2254(b)(1). To properly exhaust state remedies, Petitioner's claims must be fairly presented to the highest state court to provide that court with an opportunity to rule on the merits of Petitioner's claims. *Middelton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985). Petitioner has not yet sought review of the superior court's PCR decision in the Arizona Court of Appeals or the Arizona Supreme Court. Ariz. R. Crim. P. 32.9(a)-(g) (parties may move for reconsideration or review by an appellate court, and rules governing criminal appeals also govern appellate review). Only after the state courts have had an opportunity to rule on any fairly presented constitutional issues will federal courts consider them in habeas proceedings. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (petitioner must invoke one complete round of the state's established appellate review process).

**IT IS ORDERED** that Petitioner's Motion for Issuance of Writ Due to Non-Compliance of this Court's Order (Doc. 32) is **denied**.

Dated this 9th day of October, 2018.

*David G. Campbell*
David G. Campbell
Senior United States District Judge