**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Isidro Pacheco, | No. CV-15-02264-PHX-DGC |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

On February 6, 2019, Petitioner Isidrio Pacheco filed a supplemental notice of motion for issuance of writ due to non-compliance with this Court's December 22, 2016 order conditionally granting Petitioner's writ of habeas corpus. Doc. 36. The State filed a response, which Petitioner moves to strike as untimely. Docs. 38, 39. Petitioner did not file a reply. For the reasons that follow, the Court will deny Petitioner's motions.

**I.  Background.**

Petitioner pled guilty to charges of child molestation and sexual conduct with a minor and was sentenced to 17 years. Doc. 35 at 1. Petitioner filed an of-right post-conviction relief ("PCR") petition, and his counsel filed a notice of no colorable claims. *Id.* at 1-2. Petitioner then filed a *pro per* petition, asserting ineffective assistance of counsel and sentencing error. *Id*. His petition was denied. *Id*.

In November 2015, Petitioner filed a petition for writ of habeas corpus with this Court, asserting four grounds. Doc. 1. The first three, which the Court denied, alleged

ineffective assistance of counsel. Doc. 19 at 6. The fourth ground alleged that Petitioner was entitled to a "fundamental error" review of the record under *Anders v. California*, 386 U.S. 738 (1967), because his of-right PCR proceeding was the equivalent of a direct appeal. *Id*.

On December 22, 2016, this Court conditionally granted Petitioner's writ of habeas and ordered that Petitioner be permitted to file a new of-right Rule 32 PCR proceeding, including the filing of a brief by counsel and independent review of the record consistent with *Anders*. Doc. 26 at 18. If the state failed to comply within 90 days, Petitioner would be released. *Id*. Petitioner's case was subsequently terminated.

On January 3, 2017, Petitioner filed his second notice for PCR in the superior court and was appointed counsel. Doc. 32 at 7. Counsel filed a new of-right Rule 32 petition on January 29, 2018. *Id*. The petition alleged a significant change of law because Arizona's child molestation statute was found unconstitutional in *May v. Ryan*, 245 F. Supp. 3d 1145, 1158 (D. Ariz. 2017). *Id*. The petition also alleged ineffective assistance of counsel because Petitioner's original trial counsel should have interviewed Petitioner's alibi witness, moved to suppress his confession, and presented mitigation evidence. *Id*. at 8-12. Further, the petition alleged that the trial court failed to inform Petitioner of the sentence enhancement under Arizona's Dangerous Crimes Against Children Act ("DCACA"), rendering his guilty plea invalid. Doc. 32 at 12-6. Finally, the petition alleged that the DCACA sentencing scheme is unconstitutional because it enhances a sentence based on facts found by a judge instead of facts found by a jury beyond a reasonable doubt. Doc. 32 at 16.

On June 11, 2018, the superior court denied the Rule 32 petition, finding that "all matters contained in the Petition for Post-Conviction Relief are precluded as having been previously ruled upon or untimely filed[,] or the Petition lacks sufficient basis in law and fact to warrant further proceedings herein and no useful purpose would be served by further proceedings." Doc. 32 at 50. Petitioner then filed his first motion for issuance of a writ due to non-compliance in this Court, arguing that the superior court's decision did not

- 2 -

satisfy the Court's order for a new of-right PCR proceeding. Doc. 32. Petitioner argued that the superior court did not afford him a new Rule 32 proceeding because it found the issues raised to be precluded or untimely, which meant that it "treated the appeal as a successive action limiting the scope of [appealable] issues." Doc. 32 at 2.

The state filed a request for clarification in the superior court (*see* Doc. 34 at 5-6), and that court issued supplemental findings of fact and conclusions of law on July 12, 2018. *See* Doc. 33-1at 2. The order supplemented the court's June 11, 2018 order "after fully considering [Petitioner's petition] on its merits." Doc. 34 at 18. The supplemental order addressed each of Petitioner's arguments on the merits and affirmed the denial of post-conviction relief. After this clarification, Petitioner filed a reply in support of his motion. His reply argued that the superior court's supplemental order did not comply with the Court's conditional grant of habeas relief because it essentially copied verbatim the state's response to the PCR court. Doc. 34 at 2.

On October 9, 2018, this Court denied Petitioner's first motion for issuance of writ due to non-compliance, finding that the subsequent of-right PCR proceeding satisfied the Court's conditional grant of habeas relief because Petitioner was appointed counsel, counsel filed a merits brief, and Petitioner therefore was no longer entitled to an *Anders* review by the trial court. Doc. 35 at 6. The Court noted that to the extent Petitioner disagreed with the substantive accuracy of the trial court's decision, he needed to first exhaust his state remedies before initiating a federal court review. *Id.* at 7. The Arizona Court of Appeals has since affirmed the trial court's denial of Petitioner's subsequent PCR petition. *See* Doc. 36 at 1; *State v. Pacheco*, No. 2 CA-CR 2018-0269-PR, 2019 WL 324930 (Ariz. Ct. App. Jan. 23, 2019).

**II.     Petitioner's Second Motion for Issuance of a Writ Due to Non-Compliance.**

Petitioner's current motion asks the Court to determine whether the superior court "in fact addressed the substantive nature of [his] claims or merely took action giving an appearance of a new Rule 32 proceeding." Doc. 36 at 2. But the Court already determined that the superior court appropriately addressed the merits of Petitioner's claims in the

- 3 -

October 9 order. Doc. 35 at 6. Plaintiff's remaining arguments go to the merits of the claims he brought in his second PCR proceedings. These claims are not before this Court.

Following the issuance of a conditional habeas writ, the Court maintains jurisdiction only to review the state's compliance with its conditional order. *See Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011). Here the Court's conditional grant of habeas relief required: (1) a new of-right Rule 32 proceeding, (2) with briefing, and (3) a review of the record consistent with *Anders*. Doc. 26 at 18. The Court determined that the superior court complied with these requirements. Doc. 35 at 6. The state therefore has satisfied its obligation, and the Court cannot "address new arguments under the ambit of ensuring compliance with the earlier order." *See Leonardo*, 646 F.3d at 1161. The language Petitioner highlights from the Court's October 9 order – that the Court would address the substantive accuracy of the state court's supplemental order only after Petitioner has exhausted his state remedies – refers to a successive or new habeas petition to challenge the accuracy of the subsequent PCR ruling, not to continuing review in this case.

Petitioner also renews his argument that the superior court did not properly afford him a new of-right proceeding because its June 11, 2018 order summarily dismissed his issues without considering their merits, and the superior court's supplemental order parroted the state's briefing and was issued only in response to Petitioner's filing of a non-compliance order in this Court. Doc. 36 at 2. The Court has already considered and rejected these arguments. *See* Doc. 35 at 6-7. Petitioner also argues that the Arizona Court of Appeals summarily dismissed his claims without addressing the merits, and he therefore was not afforded an adequate of-right PCR. *See* Doc. 36 at 4. But the Court of Appeals can properly adopt the superior court's ruling in a summary order if it agrees with the reasoning and outcome and such orders will "not complicate further review in state or federal court." *State v. Whipple*, 866 P.2d 1358, 1359-60 (Ariz. Ct. App. 1993); *see also Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991) ("Where there has been one reasoned state judgment rejecting a federal claim, later, unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground.").

### III. Petitioner's Motion to Strike.

Petitioner objects to the state's response brief as untimely. Doc. 39. On March 15, the Court ordered a response brief by March 29. Doc. 37. The state filed its response on April 3. Doc. 38. The state asserted that it was unaware of the Court's order until April 3, "having received the mailed order after being out of the office due to illness." *Id*. at 1 n.1. The order was docketed on March 15 and notice of electronic filing was sent via ECF to three separate state e-mails. *See* Doc. 39 at 2-3. The state does not address why counsel did not receive this electronic notification of the Court's order. Regardless, because the state has offered some explanation, Petitioner does not seem prejudiced by this motion, and the motion was filed within a few days of the deadline, the Court finds good cause to consider the motion and will not deny it as untimely

**IT IS ORDERED:**

1. Petitioner's supplemental notice of motion for issuance of writ due to non-compliance (Doc. 36) is **denied**.

2. Petitioners' motion to strike state's response (Doc. 39) is **denied**.

Dated this 21st day of June, 2019.

_____
David G. Campbell
Senior United States District Judge